IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YVES FLORESTAL, | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| GOLDEN HARRINGTON, LLC, | * | |
| a Delaware limited | * | |
| liability company, and | * | |
| TWENTY-NINE CORP., a | * | **TRIAL BY JURY DEMANDED** |
| Maryland corporation, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

1. Plaintiff Yves Florestal is a resident of the State of Delaware.

2. Defendant Golden Harrington, LLC, is a Delaware limited liability company whose registered agent for service of process is Michael A. Meoli, 4541 Highway One, Rehoboth Beach, Delaware 19971.

3. Defendant Twenty-Nine Corp. is a Maryland corporation whose registered agent for service of process is Tunnell & Raysor, P.A., 30 East Pine Street, P.O. Box 151, Georgetown, Delaware 19947.

4. Defendants are employers within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act.

5. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3) and by 28 U.S.C. §1343.

6. This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

8. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*; under 42 U.S.C. §1981; and under the indicated state law causes of action, to redress the wrongs done by him by Defendants' discrimination against him on the basis of his race, sex, and national origin.

9. Plaintiff timely submitted a complaint of discrimination on the basis of race, sex, and national origin to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

10. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

11. Plaintiff has timely filed this Complaint within 90 days of his receipt of the Notice of Right to Sue.

12. Plaintiff is a black male, and his national origin is Haitian.

13. Prior to his termination by Defendants, Plaintiff was employed by Defendants as a swing manager at their business location in Harrington, Delaware.

14. At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

15. During his employment, Plaintiff was subjected to a hostile work environment based upon his sex, race, and national origin, when he was harassed by his store manager, Cheryl Stinson, a white female of American origin.

16. Plaintiff also suffered disparate treatment in comparison to other similarly situated managers who were white, female, and of American origin, including denial of training and promotional opportunities, and disparate treatment with regard to issuance of discipline.

17. Plaintiff complained to upper management regarding the harassment and disparate treatment, but upper management refused to correct the situation.

18. On or about October 10, 2005, Plaintiff walked off the job in frustration due to the harassment and disparate treatment. When he subsequently asked Mike Meoli, the principal of the organization, if he could return, his request was denied, even though several similarly situated managers not in the protected class (*i.e.*, white, female, and of American origin) had been allowed to return after walking off the job.

19. The actions of Defendants in harassing Plaintiff, discriminating against him, and refusing to allow him to return to work were wrongful and discriminatory against Plaintiff on the basis of his race, sex, and national origin.

20. The wrongful acts committed by Defendants, as stated hereinabove, were wilful, wanton, and committed in bad faith.

21. As a direct result of the actions of Defendants, Plaintiff has suffered damages, including but not limited to,

severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I -- TITLE VII

22. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 21 of this Complaint.

23. By committing the aforementioned acts, Defendants have discriminated against Plaintiff on the basis of his race, sex, and national origin in violation of 42 U.S.C. §2000e, *et seq*.

24. As a direct result of the discriminatory conduct of Defendants, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    (a)   Back pay, including interest;

    (b)   Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (c)   Punitive damages;

    (d)   Pre-judgment and post-judgment interest;

    (e)   Attorney's fees;

    (f)   Reinstatement, if feasible, or, in the alternative, front pay; and

    (g)   Any other relief that this Court deems just.

### COUNT II -- 42 U.S.C. §1981

25. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 24 hereinabove.

26. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of his race, Defendants have violated 42 U.S.C. §1981.

27. As a direct result of the discriminatory conduct of Defendants, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) Punitive damages;

(d) Pre-judgment and post-judgment interest;

(e) Attorney's fees;

(f) Reinstatement, if feasible, or, in the alternative, front pay; and

(g) Any other relief that this Court deems just.

### COUNT III -- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

28. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 27 hereinabove.

29. By their actions as described in this Complaint, Defendants have breached the covenant of good faith and fair dealing implied under Delaware law.

30. As a direct result of the wrongful conduct of Defendants, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    (a) Back pay, including interest;

    (b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (c) Punitive damages;

    (d) Pre-judgment and post-judgment interest;

    (e) Attorney's fees;

    (f) Reinstatement, if feasible, or, in the alternative, front pay; and

    (g) Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140
Attorneys for Plaintiff

DATED: 3-1-07
NEP:pmw

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Yves Florestal

**DEFENDANTS**
Golden Harrington, LLC, a Delaware limited liability company, and Twenty-Nine Corp., a Maryland corporation,

(b) County of Residence of First Listed Plaintiff: Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Noel E. Primos, Esquire, Bar I.D. #3124
Schmittinger & Rodriguez, P.A.
414 S. State St., Dover, DE (302)674-0140

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981
Brief description of cause:
Plaintiff seeks damages for discrimination based on sex, race & national origin.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3-01-07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____