IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YVES FLORESTAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.            ) | Civil Action No. 07-128-JJF |
| ) | |
| GOLDEN HARRINGTON, LLC ) | |
| a Delaware limited liability company, and ) | |
| TWENTY-NINE CORP., a ) | |
| Maryland corporation, ) | |
| ) | |
| Defendants. ) | |

## **ANSWER**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied that Plaintiff has any valid state law claims.

7. Admitted.

8. No answer necessary.

9. Denied.

10. Admitted.

11. Denied, except admitted that Plaintiff has filed the complaint within 90 days of his receipt of the notice of right to sue.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Plaintiff walked off the job on October 10, 2005 and Defendant refused to rehire him. Otherwise, denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendants incorporate herein by reference paragraphs 1 through 21 of this Answer.

23. Denied.

24. Denied.

25. Defendants incorporate herein by reference paragraphs 1 through 24 of this Answer.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

28. The Complaint fails to state a claim upon which relief can be granted.

29. Some or all of Plaintiff's claims are barred by the doctrines of claim preclusion or issue preclusion.

30. The statute of limitations has run on some or all or Plaintiff's claims.

31. To the extent Plaintiff has failed to mitigate his damages, he is barred from recovering from the Defendants.

32.     To the extent the Complaint is based upon conduct that was not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

33.     Although Defendants deny that Plaintiff was exposed to a hostile work environment, Defendants assert that they exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

34.     After Plaintiff walked off the job, Defendants discovered that Plaintiff had engaged in conduct that would have warranted discharge under company policy.  Therefore, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

WHEREFORE Defendants demand that the Complaint be dismissed, and that costs be assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Sheldon N. Sandler*

Sheldon N. Sandler, Esquire (No. 0245)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6673; (302) 571-6553
Facsimile: (302) 576-3330; (302) 576-3470
Email:  ssandler@ycst.com
Email:  mstafford@ycst.com
Attorneys for Defendants

DATED:  April 13, 2007